UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 19-128-DLB-CJS

KATHERINE P. ALEXANDER                                                         PLAINTIFF

v.                 **MEMORANDUM OPINION AND ORDER**

GYPSUM EXPRESS, LTD, et al.                                      DEFENDANTS

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court on Defendants Gypsum Express and Christopher Partin's Motion for Partial Summary Judgment, (Doc. # 23). The Motion has been fully briefed, (Docs. # 25 and 26), and is now ripe for the Court's review. For the reasons set forth herein, Defendants' Motion for Partial Summary Judgment is **granted.**

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Katherine P. Alexander, filed the instant case in Boone County Circuit Court on September 3, 2019 against Defendants Gypsum Express, LTD and its employee, Christopher B. Partin, asserting a personal injury action relating to a sideswipe accident on I-75. (Doc. # 1-2 ¶¶ 4-9). Thereafter, Gypsum Express, joined by Partin, removed the case to the Eastern District of Kentucky on September 24, 2019. (Doc. # 1). On July 8th, 2020, Defendants moved for partial summary judgment on Plaintiff's punitive damages claim and her negligent training, supervision, and retention claims. (Doc. # 23).

At the time of the incident, Defendant Partin was employed by Defendant Gypsum Express, as a semi-truck driver. (Docs. # 1-2 ¶ 3 and 23-1 at 3). Plaintiff was driving on

I-75 North in the second lane from the right, when she claims Defendant Partin hit her vehicle and began pushing her down the interstate. (Docs. # 1-2 ¶¶ 4-6 and 23-1 at 3). Plaintiff claims she sustained injuries, pain and suffering, lost wages, and other damages. (Doc. # 1-2 ¶ 9). No other information regarding Defendant Gypsum Express's training of Defendant Partin is in the record. Partin's answer to one of Plaintiff's interrogatories reveals that Partin had been in one prior accident; a backing accident in July 2013. (Doc. # 26-1 at 2).

In Defendants' Motion for Partial Summary Judgment, they assert that they are entitled to summary judgment on Plaintiff's punitive damages claim and negligent training, supervision, and retention claims. (Doc. # 23 at 1). In Plaintiff's Response, Plaintiff explicitly concedes there is not enough supporting evidence for her punitive damages claim, the negligent supervision claim, or the negligent retention claim. (Doc. # 25 at 1). Plaintiff only contests that there is a genuine issue of material fact as to the negligent training claim. (*Id.*). Therefore, the negligent training claim is the only one that need be addressed.

## II.   ANALYSIS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material facts exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment "bears the burden of showing the absence of any genuine issues of material fact." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Plant v. Morton Int'l*

*Inc.*, 212 F.3d 929, 934 (6th Cir. 2000)).  In deciding a motion for summary judgment, the Court must draw all reasonable inferences in favor of the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, "[w]here a defendant shows a lack of evidence on any particular element of the claim at issue, the plaintiff has a burden of offering affirmative evidence from which a reasonable fact finder could find in his favor."  *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Matsushita*, 379 F.3d at 586-87).  Following the Court's review of the record, if a "rational factfinder could not find for the nonmoving party, summary judgment is appropriate."  *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998).

Kentucky law has "recognized and acknowledged the existence of claims of negligent training and supervision."  *Turner v. Pendennis Club*, 19 S.W.3d 117, 121 (Ky. 2000).  Kentucky follows the Restatement (Second) of Agency § 213, which states that principals, a legal term often used interchangeably with employers, will be liable for an activity of an agent, or employee, if the principal is negligent "in the supervision of the activity."  *See Smith v. Isaacs*, 777 S.W.2d 912, 914 (Ky. 1989).  In order to establish a negligent training or supervision claim, a plaintiff must show "that (1) the employer knew or had reason to know of the risk that the employee created; (2) the employee injured the plaintiff; and (3) the supervision and/or retention of the employee proximately caused the injury."  *Gordon v. Turner*, No. 13-136, 2016 WL 3636073, at *10 (E.D. Ky. June 29, 2016) (citing *Grand Aerie Fraternal Ord. of Eagles v. Carneyhan*, 169 S.W.3d 840, 844 (Ky. 2005)).  An employer, here Gypsum Express, can be held liable under a theory of negligent training "only if he or she knew or had reason to know of the risk that the employment created."  *Hensley v. Traxx Mgmt. Co.*, __ S.W.3d __, 2020 WL 2297001, at

*6 (Ky. Ct. App. 2020) (quoting *Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003)).

Here, summary judgment is warranted on Plaintiff's negligent training claim because Plaintiff has not identified disputed issues of fact with regard to whether Defendant is liable for its alleged negligent training of Mr. Partin.  The only fact in the record relevant to a potential negligent training claim is Partin's answer to an interrogatory, which identifies his involvement in a prior accident in 2013.  (Doc. # 26-1 at 2).  This accident was described as a "backing accident."  (*Id.*).  However, due to the nature of a negligent training claim, which requires not only an employee who poses a risk, but also knowledge by the employer and a causal connection between the lack of training and the injury, this singular fact in the record is insufficient to defeat Defendants' Motion for Partial Summary Judgment.

For Plaintiff to be successful on a negligent training claim, she must provide proof that Gypsum Express knew or should have known of the risk that employing Partin created.  *Hensley*, 2020 WL 2297001, at *6.  Even assuming without deciding that Partin's backing accident is similar enough to a side swipe accident on a highway to impart on Gypsum Express a duty to train, Plaintiff has presented no evidence, nor has she alleged, that Gypsum Express knew of the first accident or the risk Partin may have posed.  Further, as Defendants point out, Plaintiff has not provided evidence to support the necessary element of a causal connection between the lack of training and the accident.  (Doc. # 23 at 12).  To avoid summary judgment on this issue, Plaintiff must offer "affirmative evidence from which a reasonable fact finder could find in [her] favor." *Muhammad*, 379 F.3d at 416.

Rather than providing such evidence, however, Plaintiff makes unsupported statements that do not create a genuine issue of fact. For example, Plaintiff states, "Defendant did not produce any evidence that he has had surveillance training. This could lead a jury to find Gypsum guilty of negligent training." (Doc. # 25 at 3). This statement improperly flips the burden at the summary judgment stage; Plaintiff is required to provide "affirmative evidence" allowing a fact-finder to find in her favor after Defendant points out a lack of evidentiary support. *Muhammad*, 379 F.3d at 416. As Plaintiff has not done so, her negligent training claim cannot survive summary judgment.

Further, any contention by Plaintiff that she may rely on cross-examination at trial to support her negligent training claim is misguided. (Doc. # 25 at 2). The Sixth Circuit rejected this type of reasoning in *Britt v. E.I. DuPont DeNemours & Co., Inc.*, 780 F.2d 1020, 1985 WL 12806, at *2 (6th Cir. 1985) (unpublished table decision), holding that the plaintiff's argument containing "only unsupported conclusory statements" and relying on "develop[ing] genuine issues of material fact on cross-examination at trial" was insufficient to survive a motion for summary judgment. Plaintiff had the ability to compel a deposition by subpoena or petition this Court for assistance in scheduling one to further develop her negligent training argument, but chose not to do so. *See* Fed. R. Civ. P. 26, 30; L.R. 37.1. To the extent Plaintiff contends that Defendants withheld discovery, it is the responsibility of the parties to attempt to resolve discovery disputes extrajudicially in accordance with L.R. 37.1[1]. Without first attempting to resolve her discovery dispute with Defendants or

---

[1] Local Rule 37.1, titled Motions Relating to Discovery, provides in relevant part that "[p]rior to filing a discovery motion, all counsel must make a good faith effort to resolve extrajudicially any dispute relating to discovery. The court will not entertain discovery motions unless counsel have conferred – or attempted to confer – with other affected parties in an effort to resolve their dispute …."

5

filing a motion to compel, Plaintiff cannot use Defendants' failure to respond to discovery requests as a means to avoid summary judgment. The court reached a similar conclusion in *Lucas v. Chalk*, No. 1:18-cv-01211, 2020 WL 5026866 (W.D. Tenn. Aug. 25, 2020). There, the court rejected at the summary judgment stage plaintiff's argument that a defendant had not yet given him all the requested discovery. *Id.* at *5. The court noted that plaintiff's "attempt to avoid summary judgment . . . is without merit, as [plaintiff] filed no motion to compel, for an extension of the discovery deadline, or for a second extension of time." *Id.* Additionally, Plaintiff has not invoked Federal Rule of Civil Procedure 56(d), which could have allowed the Court to defer or deny summary judgment in order to allow further discovery. Under this rule, the nonmovant, here Plaintiff, must "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Because Plaintiff had a variety of legal avenues available to her to obtain a deposition from Defendants or otherwise gather evidence to support her claim, and chose not to pursue them, the Court rejects her discovery argument faulting Defendants.

Because Plaintiff has presented no evidence of a genuine issue of material fact for the jury as to the negligent training claim, Defendants' Motion for Partial Summary Judgment (Doc. # 23) is **granted**.

### III.   CONCLUSION

Accordingly, for the reasons set forth herein, it is **ORDERED** as follows:

(1)   Defendants' Motion for Partial Summary Judgment (Doc. # 23) is **granted**. Plaintiff's **negligent training claim is dismissed with prejudice**;

6

(2) Plaintiff's **negligent supervision and retention claims**, as well as any claims for **punitive damages (Counts IV and VI), are also dismissed with prejudice**; and

(3) **Within twenty (20) days of the date of entry of this Order**, the parties shall file a **Joint Status Report** indicating whether they have engaged in the mediation contemplated in their previous status report (*see* Doc. # 20), and/or whether they remain amenable to either private or court-facilitated mediation.

This 18th day of November, 2020.

Signed By:
*David L. Bunning*  DB
United States District Judge

J:\DATA\ORDERS\Cov2019\19-128 MOO MPSJ.docx